**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LIONEL ALEXANDER,** | § | |
| **ID # 42505-177,** | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **No. 3:13-CV-4728-D (BH)** |
| | § | **(3:10-CR-0306-D-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the *Amended Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* filed January 7, 2014 (doc. 5), should be **DENIED** with prejudice.

## I.  BACKGROUND

Lionel Alexander (Movant), a federal prisoner, challenges his conviction and sentence in Cause No. 3:10-CR-0306-D. The respondent is the United States of America (Government).

**A.**   **Factual and Procedural History**

On November 2, 2010, Movant and his nephew (Movant's employee) were charged by indictment with mail fraud and conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341. (*See* doc. 1.)[1] On November 4, 2011, Movant pled guilty to mail fraud pursuant to a plea agreement. (Docs. 46, 81.) In the plea agreement, he waived the right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an

---

[1] Unless otherwise stated, all document numbers refer to the docket number assigned in the underlying criminal action. Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

arithmetic error or to challenge the voluntariness of his plea or waiver or to bring a claim of ineffective assistance of counsel. (Doc. 46 at 4-5.)

Movant also signed a factual resume admitting facts sufficient to support his plea. (*See* doc. 45.) He admitted he was a mortgage broker who recruited straw borrowers to purchase residential investment properties. (Doc. 45 at 2.) He told them that the properties would be rented to individuals with bad credit, and that the renters would rent to own the properties as they repaired their credit. (*Id.*) Movant represented to the straw borrowers that he would find the properties and the tenants. (*Id.*) As part of the scheme, Movant falsified loan application documents by inflating the purchasers' income and identifying each of the properties as the purchasers' primary residences. (*Id.* at 2-4.) As a result of the scheme, loan applications for 48 properties were falsified. (*Id.* at 5.) The total purchase price for all 48 properties was $8,398,100.00, and the loss to the lenders was $1,228,913.31. (*Id.*)

At rearraignment, Movant testified under oath that he was pleading guilty to the offense of mail fraud. (Doc. 81 at 3.) He stated that he had reviewed the indictment, the plea agreement and the factual resume carefully, and that he understood the nature of the charge to which he was pleading guilty. (*Id.* at 5-6, 15.) He had signed the plea agreement and factual resume after having had an opportunity to read them and carefully discuss them with his attorney. (*Id.* at 6, 15.) Movant testified that he was pleading guilty of his own free will because he was guilty. (*Id.* at 7-8.) He acknowledged the waiver of rights in the plea agreement. (*Id.* at 13-14.) After the Court referred to the first page of the factual resume that listed the essential elements of mail fraud, he affirmed "on [his] oath in open court that [he] committed the essential elements of the offense to which [he pled] guilty." (*Id.* at 15-16.) Movant also testified that the stipulated facts in the factual resume supporting the elements of mail fraud were "true and correct in every respect[.]" (*Id.* at 16.)

The Probation Office subsequently prepared a pre-sentence report (PSR) that recommended a sixteen-level enhancement for an actual loss amount of more than $1,000,000 but less than $2,500,000; a two-level enhancement for a crime involving more than 10 but less than 50 victims; a two-level enhancement for abusing a position of public trust; a two-level enhancement for being an organizer, leader, manager, or supervisor in a criminal activity; and a three-level reduction for acceptance of responsibility. (PSR at 14-15.) The resulting guideline calculation was an offense level of 26 with a sentencing range of 78 to 97 months. (*Id.* at 23.)

Movant's attorney objected to the loss amount and the criminal history calculations in the PSR. (*See* docs. 59, 82 at 4.) The Court overruled the loss amount objection and noted that even if the relevant criminal history category was lower, the 78-month sentence was still within the guideline range. (Doc. 82 at 6, 8-10.) It sentenced Movant to 78 months of imprisonment, followed by a two-year term of supervised release. (Docs. 73, 82.)

On February 15, 2012, Movant appealed his judgment and sentence to the Fifth Circuit Court of Appeals. (Doc. 75.) Movant's appellate counsel filed an *Anders* brief asserting that there were no nonfrivolous issues for appeal, along with a motion to leave to withdraw as counsel. Movant filed a response. After its own independent review of the record, counsel's brief, and Movant's response, the Fifth Circuit found that there were no nonfrivolous issues, granted the motion for leave to withdraw, and dismissed Movant's appeal. *See United States v. Alexander*, 490 F. App'x 623, 624 (5th Cir. 2012). Movant filed a petition for writ of certiorari, and it was denied. (Doc. 97.)

B.   **Substantive Claims**

In his amended 28 U.S.C. § 2255 motion,[2] Movant raises four grounds for relief. In ground

---

[2] Movant filed the original § 2255 motion on December 2, 2013, (3:13-CV-4728, doc. 2), but was ordered to re-file the motion using the appropriate form. (*Id.* doc. 4.)

one, he claims that the Court lacked jurisdiction because there was no probable cause to convict him, he is actually innocent, and the evidence was insufficient. (3:13-CV-4728, docs. 5 at 9, 6 at 12-14, 16-17.) He also alleges misconduct by the FBI and the prosecutor. (*Id.*, doc. 6 at 14-15.) In ground two, Movant contends that his plea was involuntary because he did not understand the plea and it was coerced. (*Id.*, docs. 5 at 9, 6 at 18-20.) He also claims that he only pled guilty "to take one for the team [(real estate industry)]," and not because he was guilty. (*Id.*, doc. 6 at 18-20.) In ground three, Movant argues that trial counsel was ineffective for failing to challenge the indictment, failing to investigate, and coercing the plea. (*Id.* docs. 5 at 9, 6 at 21-23.) He also asserts that both of his trial attorneys failed to inform him of his legal rights, and the second trial attorney denied him a speedy trial and failed to object to sentencing enhancements. (*Id.*, doc. 6 at 21-22.) Movant also contends that his appellate counsel was ineffective for failing to raise on appeal the same issues he raises here, and by filing an *Anders* brief to cover for the trial attorneys. (*Id.*, docs. 5 at 9, 6 at 22-23.) In ground four, Movant alleges that the Court abused its discretion by not maintaining impartiality, ignoring the insufficiency of evidence, failing to properly determine the voluntariness of the plea, and enhancing his sentence without cause. (*Id.*, doc. 5 at 10.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising

the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Where a § 2255 movant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if he can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Frady*, 456 U.S. at 167-68). However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the [ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the defense. *Willis*, 273 F.3d at 597.

### III. JURISDICTION

As part of the first ground, Movant argues that this Court lacked jurisdiction to accept his plea and sentence him for lack of probable cause. (3:13-CV-4728, doc. 6 at 16-17.)

"Under 18 U.S.C. § 3231, the district courts of the United States . . . have original jurisdiction . . . of all offenses against the laws of the United States." *United States v. Scruggs*, 691 F.3d 660, 667 (5th Cir. 2012) (*Scruggs I*). "Subject matter jurisdiction, or the court's power to hear a case, is straightforward in the criminal context." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (internal quotation marks omitted) (*Scruggs II*). It is determined by looking at the indictment or information. *Scruggs I*, 691 F.3d at 667-68. "To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." *Id.* at 668 (quoting *United States v. Jacquez-Beltran*, 326 F.3d 661, 662 n.1 (5th Cir. 2003) (per curiam)).

Here, Movant essentially argues that the Court had no jurisdiction because he was innocent.

(3:13-CV-4728, doc. 6 at 16-17.) He "confuses a failure of fact with want of power to adjudicate." *Scruggs I*, 691 F.3d at 667. The indictment charged him with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341, 1349, and two counts of mail fraud in violation of 18 U.S.C. § 1341. (doc. 1.) Section 1341 states, in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, . . . any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

*Id.* Further, 18 U.S.C. § 1349 states: "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." *Id.*

The mail fraud count of the indictment states:

> On or about August 8, 2006, in the Dallas Division of the Northern District of Texas, [Movant], the defendant, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, knowingly caused to be delivered by the United States Postal Service and private commercial interstate carriers, according to the direction thereon, an envelope containing loan documents, relating to the purchase of the residential property located at [ ], from Alamo Title in Fort Worth, Texas to Sebring Capital Partners in Carrollton, Texas.

> In violation of 18 U.S.C. § 1341.

(Doc. 1 at 4.) The language of the indictment closely tracks the statutory language. This ends the subject matter jurisdiction inquiry. *See Scruggs II*, 714 F.3d at 262 ("[A] federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges . . . that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal

crimes." (quoting *United States v. Gonzalez*, 311 F.3d 440, 442 (1st Cir. 2002))). Here, the indictment charged an offense against the laws of the United States, so Movant's jurisdictional claim is without merit.

## IV. VOLUNTARINESS OF PLEA

In Movant's second ground, he contends that his guilty plea was involuntary because he did not understand the charge against him and because it was coerced. (*Id.* at 18-20.)[3]

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley*, 523 U.S. at 618 (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'" (quoting *Brady*, 397 U.S. at 748)). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

---

[3] Movant's claims concerning the voluntariness of his plea are considered next because the analysis impacts his other claims.

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n. 22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 628 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate

8

and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

## A.      Nature of Charge

Movant asserts that he was unable to comprehend the nature of the charge against him because he did not understand that he was pleading guilty to mail fraud, he was emotionally distraught due to suffering multiple personal losses, and he thought pleading guilty would help the mortgage industry and the country. (3:13-CV-4728, doc. 6 at 18-19.)

"A mail fraud conviction under 18 U.S.C. § 1341 requires sufficient proof that: (1) the defendant devised or intended to devise a scheme to defraud, (2) the mails were used for the purpose of executing, or attempting to execute, the scheme, and (3) the falsehoods employed in the scheme were material." *United States v. Surtain*, 519 F. App'x 266, 284 (5th Cir. 2013) (quoting *United States v. Ratcliff*, 488 F.3d 639, 643-44 (5th Cir.2007)). "One 'causes' the mails to be used '[w]here one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen.'" *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006) (quoting *Pereira v. United States*, 347 U.S. 1, 8-9 (1954)).

Although he now asserts that his attorney never mentioned that he was pleading guilty to mailing or causing documents to be mailed, Movant testified under oath that he was pleading guilty to the offense of mail fraud of his own free will because he was guilty, that he had reviewed the indictment, the plea agreement, and factual resume carefully with counsel, and that he understood the nature of the charge to which he was pleading guilty. (Doc. 81 at 2-8, 15.) He also testified that

he had committed the essential elements of the offense to which he was pleading, which were listed in the factual resume, and that the stipulated facts in the factual resume supporting those elements were true and correct. (*Id.* at 15-16.) The listed elements are: (1) "That [Movant] knowingly created a scheme to defraud as charged in the Indictment;" (2) "That [Movant] acted with a specific intent to defraud;" (3) "That [Movant] *mailed or caused to be mailed* something through a private or commercial interstate carrier for the purpose of carrying out the scheme; and" (4) "That the scheme to defraud employed false material representations." (Docs. 45 at 1 (emphasis added); 81 at 15-16.)

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity"). The conclusory assertion of ignorance by a self-admitted "intelligent and successful college-educated businessman" is defied by the record. (3:13-CV-4728, doc. 6 at 5.) Movant has not overcome his own sworn statements or the record, both of which reflect that he understood the nature of the mail fraud.

Movant also contends that he was emotionally unable to comprehend the charges against him because of his daughter's murder, a divorce, and the loss of his business, but he does not provide any evidence in support. All three events occurred in 2008, three years before he pled guilty. (*See* PSR at 18-19, 21.) Movant also denied having been treated for any mental illness at the plea hearing.

(Doc. 81 at 4.) "Unless the facts positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the defendant to knowingly plead, a court will not find the defendant entitled to habeas relief." *Flugence v. Butler*, 848 F.2d 77, 79 (5th Cir. 1988) (internal quotation marks omitted) (quoting *Thompson v. Blackburn*, 776 F.2d 118, 124 (5th Cir. 1985)). He has failed to provide evidence creating real doubt as to his mental capacity to knowingly plead.

Lastly, Movant's assertions that he pled guilty to "take one for the team" and to help the Government contradict the plea agreement, factual resume, and his testimony. He specifically testified that he was voluntarily pleading guilty because he was guilty and admitted to each element of mail fraud. (Docs. 45; 81 at 7-8.) Movant's conclusory assertions, therefore, are insufficient to show any constitutional infirmity. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir.1993) (stating that conclusory allegations on a critical question do not raise a constitutional issue).

In conclusion, Movant's sworn statements reflect that he understood the nature of the charge to which he was pleading guilty. Because his guilty plea was knowing and voluntary, this ground is without merit.

**B.    Coerced Plea**

Movant contends that he was coerced into pleading guilty because his attorney did not investigate or demonstrate his innocence, and he signed the plea agreement in a threatening environment. (13-CV-4728, doc. 6 at 19-20.)

Movant alleges that his attorney's failure to investigate the case "clearly proves that a plea advocacy constitute[s] coercion." (3:13-CV-4728, doc. 6 at 19.) He states that "[t]he plea was not advanced because of close assistance of counsel[, which] makes the plea decidedly involuntary." (*Id* at 19-20.) These vague and conclusory assertions are not evidence of coercion. *See Ross v. Estelle*,

694 F.2d 1008, 1012 (5th Cir. 1983) ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Movant also claims that the day he signed the plea agreement, the prosecutor and two FBI agents were present, and one of the FBI agents told Movant to sign the plea agreement in an impatient tone. (3:13-CV-4728, doc. 6 at 20.) Even if accepted as true for purposes of his motion, Movant has failed to show how the FBI agent's impatient tone rises to the level of coercion. *See e.g., Holstein v. United States*, No. 2:12-CV-0214, 2015 WL 1514986, at *23-24 (N.D. Tex. Mar. 17, 2015) (finding that a prosecutor showing the defendant pictures of his family and in a stern tone told him to "get real" and think about his family did not reflect any improper threats that made his guilty plea involuntary).

Movant does not explain why he remained unwavering in his plea of guilty through the rearraignment and sentencing hearings. As noted, he signed the plea agreement stating that his guilty plea was freely and voluntarily made. (Doc. 46 at 4.) He testified that no one threatened him or forced him to plead guilty, but that he was pleading guilty voluntarily because he was guilty. (Doc. 81 at 7-8.) He also acknowledged that by pleading guilty, he was waiving his right to have the Government carry its burden to prove his guilt. (*Id.* at 8-9.) He has not overcome the "strong presumption of verity" given to his sworn testimony, *see Blackledge*, 431 U.S. at 73-74, or the "great weight" given to court documents, *Abreo*, 30 F.3d at 32. *See also Holstein*, 2015 WL 1514986, at *23; *United States v. Flores-Quirino*, No. C-05-4(1), 2006 WL 456245, at *6 (S.D. Tex. Feb. 24, 2006) (denying the defendant's claim of coercion by noting that the defendant's conclusory assertion of coercion was contradicted by his testimony). This claim does not entitle him to relief.

### V. GOVERNMENT MISCONDUCT

In Movant's first ground, he asserts government misconduct by both the FBI and the

prosecutor. (3:13-CV-4728, doc. 6 at 14-15.)

"[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) ("[I]n general, 'once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived'", including ineffective assistance claims, although a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea.). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970) ]." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Here, Movant contends that the FBI violated his constitutional rights by compelling business records from him that bear no evidence of his oversight or input. (3:13-CV-4728, doc. 6 at 14.) He also asserts a Fourth Amendment search and seizure violation because the case arose only after a discontented former independent contractor brought the case to the FBI. (*Id.* at 12.) Movant also argues that the loan on which the prosecutor relied to bring a criminal charge against him had been altered and falsified by the same disgruntled independent contractor. (*Id.* at 14-15.) He does not allege that any of these things caused him to plead guilty, however.

Movant provides no evidence to support his claims. His conclusory assertions are insufficient to raise any constitutional violations. *Schlang*, 691 F.2d at 799 ("Mere conclusory statements do not

raise a constitutional issue in a habeas case."). Moreover, Movant waived all non-jurisdictional defects by pleading guilty. *See Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) (stating that because a guilty plea necessarily "admits all of the elements of a formal criminal charge," it "waives all non-jurisdictional defects in the proceedings against a defendant."). Because his guilty plea was voluntary, he waived any Fourth Amendment claims arising from the FBI's search of his business records and any claims concerning the prosecutor's actions that do not relate to his plea. *Id.* Movant's government misconduct claims do not merit habeas relief.

## VI.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In ground three, Movant contends that his first and second trial attorneys rendered ineffective assistance of counsel. (13-CV-4728, doc. 6 at 21-23.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. art. VI. To successfully state a claim of ineffective assistance of trial or appellate counsel, a movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a

movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (focusing inquiry on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.    First Attorney

Movant contends that his first attorney was ineffective for advising him to plead guilty without conducting any investigation and without informing him of his legal rights. (13-CV-4728, doc. 6 at 21.)  He told the attorney that he wanted to go to trial and requested new counsel. (*Id.*)

Movant does not assert that any of these alleged deficiencies prejudiced him. In fact, he contends that he recognized the deficient representation of the first attorney, asked for new counsel, and was assigned new counsel prior to pleading guilty. (3:13-CV-4728, doc. 6 at 21.) Because Movant asked for and was assigned new counsel prior to pleading guilty, he cannot show that his first counsel rendered ineffective assistance. *See e.g., United States v. Presley*, 415 F. App'x 563, 569 (5th Cir. 2011) (noting that because the movant had an opportunity to withdraw his plea represented by another attorney at a later proceeding, the actions by his previous attorney at an earlier proceeding did not amount to ineffectiveness).

Movant has failed to establish that his first attorney's conduct prejudiced him, and this claim should be denied.

## B.    Second Attorney

Movant contends that his second attorney also provided ineffective assistance when he

recommended a plea, did not inform him of his rights, denied him a speedy trial by moving for unnecessary continuances, did not investigate the case, and failed to object to sentencing enhancements. (13-CV-4728, doc. 6 at 21-22.)

### 1.     *Plea Recommendation*

Movant argues that his attorney's recommendation to plead guilty was error under *United States v. Serrano*, 798 F.Supp. 2d 634 (E.D. Pa. 2011). This out-of-circuit case involved an attorney's failure to move to suppress a confession procured through a *Miranda* violation. *Id.* at 646. Here, Movant does not contend that there was a *Miranda* violation or even a confession. To the extent that he is alleging that the second attorney's recommendation to plead guilty was deficient because he is innocent, he provides only his assertions in the sworn motion. Mere conclusory assertions of his innocence do not show that the second attorney's representation was constitutionally deficient. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). They also do not overcome his sworn statements at rearraignment and the signed plea documents. *See Cothran*, 302 F.3d at 284 (giving the statements made during a plea "colloquy greater weight than . . . unsupported, after-the-fact, self-serving revisions."); *United States v. Argueta-Lopez*, No. 4:13-CV-144-A, 2013 WL 1905289, at *2 (N.D. Tex. May 7, 2013) (finding no ineffective assistance of counsel, the court stated that "conclusory and self-serving statements contained in movant's § 2255 motion cannot overcome the strong presumption of truth accorded to his statements in court and signed plea documents").

### 2.     *Failure to Inform His Rights*

Movant argues that his counsel failed to inform him of his rights. (3:13-CV-4728, doc. 6 at 21.) He does not identify the rights of which his attorney failed to inform him. (*See id.*) By not

specifying any constitutionally deficient conduct, Movant fails to carry his burden to show that his second attorney rendered ineffective assistance of counsel. *See Strickland*, 466 U.S. at 696 (stating that a failure to establish either prong of the two-prong *Strickland* test requires a finding that counsel's performance was constitutionally effective).

### 3.    *Denial of Speedy Trial*

Movant next contends that his attorney denied him a speedy trial by filing multiple motions for continuance. (3:13-CV-4728, doc. 6 at 21.)

The Speedy Trial Act provides that when a defendant pleads not guilty, trial shall commence within seventy days either from the date the indictment was filed or the date of his first appearance in court, whichever date is later. See 18 U.S.C. § 3161(c)(1). A delay resulting from a continuance granted at the request of either party based on the finding that the ends of justice outweigh the interest in a speedy trial is excludable from this seventy-day time period, however. Factors to be considered in determining whether to grant such a continuance include whether the failure to grant the continuance would result in a miscarriage of justice, or whether the case is so unusual or complex due to the number of defendants and the nature of the prosecution and facts or law that seventy days is an unreasonably short time for adequate trial preparation. See § 3161(h)(7)(A), (B).

As noted, the Fifth Circuit has found that because a guilty plea necessarily "admits all of the elements of a formal criminal charge," it "waives all non-jurisdictional defects in the proceedings against a defendant." *Barrientos*, 668 F.2d at 842; *see also Tollett*, 411 U.S. at 267. Here, Movant's guilty plea was knowing and voluntary, and he waived all of his non-jurisdictional claims unrelated to the guilty plea. This waiver includes speedy trial violations. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (citing *United States v. Broussard*, 645 F.2d 504, 505 (5th Cir. 1981)). Any ineffective assistance claim based on the speedy trial violation is also waived. *See United States v.*

*Valdez*, No. 06-60074-08, 2013 WL 696914, at *15 (W.D. La. Feb. 4, 2013) (stating that the petitioner's ineffective assistance claim on the speedy trial issue was foreclosed by his knowing and voluntary guilty plea); *see also Smith*, 711 F.2d at 682 (noting that non-jurisdictional defect waiver by a guilty plea also "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.").

### 4.      *Failure to Investigate*

Movant alleges that his attorney failed to investigate his case. (3:13-CV-4728, doc. 6 at 21.) When alleging that counsel was ineffective for failing to fully investigate a case, "[a] movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008) (accepting recommendation of Mag. J.) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)); *see also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (same, applied in case where habeas petition was brought by state prisoner). Here, Movant does not identify what his attorney failed to investigate and how it would have altered the outcome of the case. His conclusory assertions do not raise a constitutional issue. *Ross*, 694 F.2d at 1012 ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding."). Movant has not shown that the second attorney was constitutionally deficient for failing to investigate the case.

### 5.      *Failure to Object to Sentencing Enhancements*

Finally, Movant argues that the second attorney was deficient because he failed to object to the leadership and the abuse of position of trust enhancements. (3:13-CV-4728, doc. 6 at 22.) He provides no evidence to show that he was not a leader or that he did not abuse a position of trust. (*See id.*) His assertions are also contrary to the record. Movant's nephew, a co-defendant, pled guilty to conspiracy to make a false statement to a financial institution and admitted to working for Movant

18

in the scheme. (Doc. 33.) Movant admitted to being a mortgage broker, a position of trust, and he

pled guilty to committing mail fraud using his position as a mortgage broker. (Docs. 45-46, 81; 3:13-

CV-4728, doc. 6 at 18.) His attorney was therefore not ineffective for failing to object to the

enhancements. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (stating that a failure to raise a

meritless objection is not ineffective assistance).

In conclusion, Movant has failed to identify any constitutionally deficient conduct by the

second attorney or prejudice from the alleged conduct. This claim should be denied.

## VII. COURT ERROR

In the fourth ground, Movant claims that the Court erred by failing to recognize the lack of

evidence against him, failing to properly inquire about the voluntariness of his plea, failing to

maintain impartiality, and applying sentencing enhancements despite the inadequacy of evidence.

(3:13-CV-4728, docs. 5 at 10; 6 at 23-26.)

Before accepting Movant's guilty plea at his rearraignment, the Court asked numerous

questions "to make certain [he understood] the rights that [he was] giving up by pleading guilty and

to establish that there [was] a factual basis for [his] guilty plea." (Doc. 81 at 3.)  Movant testified

that he'd had an opportunity to review the indictment carefully with his attorney and he understood

the nature of the charge to which he was pleading guilty. (*Id.* at 5.) He stated that he had reviewed

the plea agreement and factual resume carefully with his attorney, he understood the documents

prior to signing it, and he had no changes or corrections. (*Id.* at 6, 14-15.) The Court specifically

referred to the first page of the factual resume that listed the four essential elements of the mail fraud

offense and confirmed that Movant was admitting on his oath in open court that he committed the

essential elements of the offense. (*Id.* at 15-16.) It also noted the stipulated facts in the factual

resume that established Movant's guilt, and Movant admitted on his oath that they were true and

correct in every respect. (*Id.* at 16.) Movant testified that he was not pleading guilty based on any promises or threats. (*Id.* at 7.) He was pleading guilty voluntarily of his own will because he was guilty. (*Id.* at 7-8.) Movant acknowledged that he was giving up the rights to plead not guilty and to go to trial. (*Id.* at 8-10.) The Court found that Movant was "fully competent and capable of entering an informed plea, that he [was] aware of the nature of the charge and of the consequences of his plea, and that his plea of guilty [was] a knowing and voluntary plea, supported by an independent basis in fact, containing each of the elements of the offense." (*Id.* at 16.)

## A.   <u>Lack of Evidence</u>

Movant asserts that the Court erred when it failed to recognize the lack of evidence in his case.  (3:13-CV-4728, doc. 6 at 23.) He argues that the indictment lacked a specific allegation that he intended to harm anyone. (*Id.*) His intent to defraud was alleged and described in the indictment, however. (*See* doc. 1.) He admitted in the factual resume that he acted with intent to defraud, and he affirmed that the facts recited therein were true and correct. (Docs. 45 at 1; 81 at 15-16.) Moreover, by pleading guilty, he has waived any non-jurisdictional defects not related to his guilty plea. *See Barrientos*, 668 F.2d at 842. This ground provides no basis for relief.

## B.   <u>Rule 11 Violations</u>

Movant claims the Court did not properly inquire about the voluntariness of his plea. (*Id.*)

As noted, Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *Vonn*, 535 U.S. at 62. The Fifth Circuit has observed that "in some cases Rule 11 violations can have a constitutional dimension bearing on the knowing and voluntary nature of the guilty plea." *United*

*States v. Lampton*, 68 F.3d 468, *2 (5th Cir. 1995) (unpublished). "In order to be cognizable on §

2255, the movant must show that the alleged Rule 11 violation resulted in a 'complete miscarriage

of justice' or a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*

(quoting *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979)).

As noted, the Court specifically inquired about Movant's understanding of the charges and

the voluntariness of his plea. Movant testified under oath in open court that he understood the plea

documents and the nature of the charge against him, he stipulated to the facts supporting the

elements of the crime, and he admitted that he committed the crime. (*See* doc. 81 at 14-16.) He

testified that no one had threatened him and that he was pleading guilty voluntarily because he was

guilty. (*Id.* at 7-8.) He has not overcome his sworn statements in open court and the plea documents.

His conclusory assertion that the Court failed to inquire properly into the voluntariness of the plea

fails to show that any alleged error "resulted in a complete miscarriage of justice or in a proceeding

inconsistent with the rudimentary demands of fair procedure." *Timmreck*, 441 U.S. at 783-84

(internal quotation marks omitted).

## C.      Failure to Maintain Impartiality

Movant also contends that the Court failed to maintain impartiality in his criminal

proceeding. (3:13-CV-4728, docs. 5 at 10; 6 at 23, 25.) He asserts that the Court "abandon[ed] its

impartiality in favor of the [prosecutor,]" but he points to no specific examples and provides no

evidence in support. (*Id.* doc. 6 at 25.) His conclusory assertion is insufficient to state a

constitutional violation, and no relief on this ground is merited. *See Pineda*, 988 F.2d at 23.

## D.      Sentencing Enhancements

Lastly, Movant contends that the Court erred when it applied sentencing enhancements.

(3:13-CV-4728, doc. 6 at 24-26.)

Claims of error based on a district court's application of the United States Sentencing Guidelines are not cognizable under § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (holding defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in § 2255 proceeding); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding . . . A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue.") (citations omitted). It is also well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.*

Movant did not raise these claims on direct appeal. Where a § 2255 movant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley*, 523 U.S. at 622 (citing *Murray*, 477 U.S. at 485). "To establish actual

innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (internal quotation marks omitted) (quoting *Schlup v. Delo,* 513 U.S. 298, 327-28 (1995)). Here, Movant does contend that he is innocent but provides no evidence. His conclusory assertions alone do not demonstrate his innocence, and he cannot now raise the claims here.[4] These grounds are without merit and should be denied.

## VIII. ACTUAL INNOCENCE

In his first ground, Movant asserts that he is actually innocent, and that the evidence is insufficient to support his conviction. (*See* 3:13-CV-4728, doc. 6 at 11-16.)

Both the Supreme Court and the Fifth Circuit have held that a stand-alone claim of actual innocence is not a ground for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).  Even if a "truly persuasive" showing of actual innocence would warrant federal habeas relief, the threshold would be "extraordinarily high." *Id.* at 417.

Movant has not met this high burden. He contends that an independent contractor and an employee colluded with the straw-borrower (Movant's wife at the time) to seek financial gain. (3:13-CV-4728, doc. 6 at 6-16.) He asserts that he had no scheme for money or property (*id.* at 12, 15), it was the borrower who paid his company the brokerage fee and not the lender (*id.* at 12-13), he never made a material misrepresentation (*id.* at 13, 15), he played no part in using the mail through the normal delegation of the business (*id.*), and his company's internal policy was to use electronic

---

[4]  Movant also argues that the Court failed to recognize the lack of evidence at sentencing, but he does not specify what evidence was lacking. (3:13-CV-4728, doc. 6 at 23.)  He does argue that there was plain error in sentencing, but none of the arguments he makes relate to the specific enhancements of which he complains here. (*See* No. 12-10192, *Pro Se* Response at 8-10.)

mail exclusively (*id.* at 13). He contends that he was indicted for a loan that one of his independent contractors oversaw. (*Id.* at 14.) Movant's unsupported assertions fail to overcome either the recitation of facts set forth in the factual resume he signed or the facts as set forth in PSR. Any actual innocence claim raised by Movant is without merit. Moreover, as his conviction was not based on any evidence by the Government, but on his own admission to the guilt, any insufficiency of the Government evidence argument is waived. *See Tollett*, 411 U.S. at 267.

## IX. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant asserts that his appellate counsel was ineffective for failing to raise meritorious grounds on appeal and for filing an *Anders* brief. (3:13-CV-4728, doc. 6 at 22-23.)

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the *Strickland* standard.  Under *Strickland*, a petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *Williamson*, 183 F.3d at 462. "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal."

*Phillips*, 210 F.3d at 348.

### A.    Failure to Raise Claims

Movant contends that his appellate attorney was ineffective for failing to raise the same claims he raises in his § 2255 motion.  (3:13-CV-4728, doc. 6 at 22-23.)

The Fifth Circuit dismissed his direct appeal as frivolous, finding that "[t]he record is insufficiently developed to allow consideration at this time of [Movant's] claim of ineffective assistance of counsel; such a claim generally 'cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations.'" *Alexander*, 490 F. App'x. at 624 (citing *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006)). Movant's appellate counsel was not deficient in failing to raise ineffective assistance of trial counsel claims. He also fails to show that the claims of Fourth Amendment violations, Speedy Trial Act violation, district court's abuse of discretion, and involuntary plea were sufficiently meritorious that had the appellate counsel raised them on direct appeal, his conviction would have been reversed. In fact, each of the claims has been found to be meritless here. Movant has shown no deficient performance in failing to raise the claims. Movant's appellate counsel was not ineffective and this claim fails. *See Coker v. Thaler*, 670 F.Supp. 2d 541, 554 (N.D. Tex. 2009) (finding that the appellate counsel was not ineffective for failing to appeal the conviction on grounds that were considered and rejected on federal habeas review).

### B.    *Anders* Brief

Movant also argues that the appellate counsel was ineffective for filing an *Anders* brief to cover up the trial attorneys' mistakes.[5] (3:13-CV-4728, doc. 6 at 22.)

---

[5] *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding that counsel appointed for an appeal may request leave to withdraw if he finds the appeal to be frivolous, but must first file a brief identifying "anything in the record that might arguably support the appeal").

"To demonstrate ineffective assistance of counsel based on his appellate counsel's failure to file a merits brief, movant must show that his counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them and that but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *United States v. King*, No. 4:14-CV-010-A, 2014 WL 1381385, at *3 (N.D. Tex. Apr. 8, 2014) (internal quotation marks omitted) (quoting *Smith*, 528 U.S. at 285). Here, Movant cannot demonstrate prejudice because he has not identified any meritorious claims upon which he was likely to prevail on appeal. Movant is not entitled to relief on this claim. *See Newsome v. United States*, No. 3:13-CV-4954, 2015 WL 695595, *8 (N.D. Tex. Feb. 17, 2015) (finding that appellate counsel was not ineffective for filing an *Anders* brief when the movant failed to identify any non-frivolous claims); *King,* 2014 WL 1381385, at *3.

## X.  RECOMMENDATION

The *Amended Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

**SO RECOMMENDED on this 10th day of June, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

27